UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC.,<br>a Rhode Island corporation,<br><br>Plaintiff,<br>v.<br><br>ROSE ART INDUSTRIES, INC.,<br>a New Jersey corporation,<br><br>Defendant. | Civil Action No. CA 04-448 S |

**REPLY TO AMENDED COUNTERCLAIMS**

Plaintiff, and counterclaim defendant, Hasbro, Inc. ("Hasbro") hereby responds to the Amended Counterclaims of Defendant Rose Art Industries Inc. as follows.

1. Hasbro admits that defendant Rose Art is asserting a counter claim in paragraph 46 of its Counterclaims. Hasbro denies the remainder of the allegations set forth in paragraph 46.

2. Hasbro admits that this Court has jurisdiction over Count I of the Counterclaims as set forth in paragraph 47 of defendant's Counterclaims.

3. Hasbro admits that venue is proper in this Court for the Counterclaims as set forth in paragraph 48 of defendant's Counterclaims.

**COUNT I**

4. Paragraphs 1-35, which are incorporated by reference by defendant in paragraph 49 of its Counterclaims, are responses to paragraphs 1-35 of Hasbro's complaint. Hasbro therefore incorporates by reference the allegations of paragraphs 1-35 of Hasbro's complaint

in response to defendant. Paragraphs 36-45, which are incorporated by defendant in paragraph 49 of its Counterclaims are affirmative defenses and are denied by Hasbro. Hasbro incorporates its responses to paragraphs 46-48 of defendant's Counterclaims as presented in paragraphs 1-3 above.

5. Hasbro admits the allegations of paragraph 50 of defendant's Counterclaims.

6. Hasbro admits the allegations of paragraph 51 of defendant's Counterclaims.

7. Hasbro admits that an actual case and controversy exists between Hasbro and defendant as alleged in paragraph 52 of defendant's Counterclaims. Hasbro denies that this Court does not have personal jurisdiction over defendant.

8. Hasbro denies the allegations of paragraph 53 of defendant's Counterclaims.

9. Hasbro denies the allegations of paragraph 54 of defendant's Counterclaims.

10. Hasbro denies the allegations of paragraph 55 of defendant's Counterclaims.

11. Hasbro admits the allegations of paragraph 56 of defendant's Counterclaims.

12. Hasbro denies the allegation in paragraph 57 of defendant's Counterclaims that statements were false and/or misleading. Hasbro admits that the quoted statements of paragraphs 57a-57e were made, but denies the remaining allegations set forth therein.

13. Hasbro denies the allegations of paragraph 58 of defendant's Counterclaims that statements were false and misleading. Hasbro admits that the new claims introduced were adequately supported in the specification as filed, did not add new matter, and/or were patentable over the cited prior art.

14. Hasbro denies the allegations of paragraph 59 of defendant's Counterclaims.

15. Hasbro admits the allegations set forth in paragraph 60 of defendant's Counterclaims.

16. Hasbro denies the allegations set forth in paragraph 61 of defendant's Counterclaims.

17. Hasbro admits the allegations set forth in paragraph 62 of defendant's Counterclaims.

18. Hasbro admits the allegations set forth in the first two sentences of paragraph 63 of defendant's Counterclaims. Hasbro denies the allegations set forth in the third and fourth sentences of paragraph 63 of defendant's Counterclaims.

19. Hasbro admits the allegations set forth in paragraph 64 of defendant's Counterclaims.

20. Hasbro admits the allegations set forth in the first two sentences of paragraph 65 of defendant's Counterclaims. Hasbro denies the allegations set forth in the third sentence of paragraph 65 of defendant's Counterclaims.

21. Hasbro admits the allegations set forth in paragraph 66 of defendant's Counterclaims.

22. Hasbro admits the allegations set forth in paragraph 67 of defendant's Counterclaims.

23. Hasbro denies the allegations set forth in the first two sentences of paragraph 68 of defendant's Counterclaims. Hasbro admits that Hasbro did not submit or cite to the PTO the Jarvis '037 Design patent, the Meyer '615 patent, the Lebensfeld '375 patent, the Speers '539 patent, or the Lang '261 patent, however, the Meyer '615, Lebensfeld '375, and Speers '539 patents were each cited and considered by the PTO during prosecution of the '932 patent, and the Jarvis '037 Design patent and Lang '261 patent were not material to the claims of the '932 patent and/or were cumulative to the art cited during prosecution of the '932 patent.

24. Hasbro denies the allegations set forth in paragraph 69 of defendant's Counterclaims.

25. Hasbro denies the allegations set forth in paragraph 70 of defendant's Counterclaims.

26. Hasbro denies the allegations set forth in paragraph 71 of defendant's Counterclaims.

27. Hasbro denies the allegations set forth in paragraph 72 of defendant's Counterclaims.

## COUNT II

28. Paragraphs 1-35, which are incorporated by reference by defendant in paragraph 73 of its Counterclaims, are responses to paragraphs 1-35 of Hasbro's complaint. Hasbro therefore incorporates by reference the allegations of paragraphs 1-35 of Hasbro's complaint in response to defendant. Paragraphs 36-45, which are incorporated by defendant in paragraph 73 of its Counterclaims are affirmative defenses and are denied by Hasbro. Hasbro incorporates its responses to paragraphs 46-72 of defendant's Counterclaims as presented in paragraphs 1-27 above.

29. Hasbro denies the allegations set forth in paragraph 74 of defendant's Counterclaims.

30. Hasbro denies the allegations set forth in paragraph 75 of defendant's Counterclaims.

31. Hasbro denies the allegations set forth in paragraph 76 of defendant's Counterclaims.

32. Hasbro admits the allegations set forth in paragraph 77 of defendant's Counterclaims.

33. Hasbro denies the allegations set forth in paragraph 78 of defendant's Counterclaims.

34. Hasbro denies the allegations set forth in paragraph 79 of defendant's Counterclaims.

35. Hasbro denies the allegations set forth in paragraph 80 of defendant's Counterclaims.

## COUNT III

36. Paragraphs 1-35, which are incorporated by reference by defendant in paragraph 81 of its Counterclaims, are responses to paragraphs 1-35 of Hasbro's complaint. Hasbro therefore incorporates by reference the allegations of paragraphs 1-35 of Hasbro's complaint in response to defendant. Paragraphs 36-45, which are incorporated by defendant in paragraph 81 of its Counterclaims are affirmative defenses and are denied by Hasbro.

Hasbro incorporates its responses to paragraphs 46-80 of defendant's Counterclaims as presented in paragraphs 1-35 above.

37. Hasbro denies the allegations set forth in paragraph 82 of defendant's Counterclaims.

38. Hasbro denies the allegations set forth in paragraph 83 of defendant's Counterclaims.

39. Hasbro denies the allegations set forth in paragraph 84 of defendant's Counterclaims.

40. Hasbro is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 85 of defendant's Counterclaims and, therefore, denies same and puts defendant to its proof.

41. Hasbro is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 86 of defendant's Counterclaims and, therefore, denies same and puts defendant to its proof.

42. Hasbro is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 87 of defendant's Counterclaims and, therefore, denies same and puts defendant to its proof.

43. Hasbro is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 88 of defendant's Counterclaims and, therefore, denies same and puts defendant to its proof.

44. Hasbro is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 89 of defendant's Counterclaims and, therefore, denies same and puts defendant to its proof.

45. Hasbro is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 90 of defendant's Counterclaims and, therefore, denies same and

puts defendant to its proof.

46. Hasbro is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 91 of defendant's Counterclaims and, therefore, denies same and puts defendant to its proof.

47. Hasbro denies the allegations set forth in paragraph 92 of defendant's Counterclaims.

48. Hasbro denies the existence of the "Rose Art Trade Dress." Hasbro is without knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 93 of defendant's Counterclaims and, therefore, denies same and puts defendant to its proof.

49. Hasbro admits the allegations set forth in paragraph 94 of defendant's Counterclaims.

50. Hasbro denies the allegations set forth in paragraph 95 of defendant's Counterclaims.

51. Hasbro denies the allegations set forth in paragraph 96 of defendant's Counterclaims.

52. Hasbro denies the allegations set forth in paragraph 97 of defendant's Counterclaims.

53. Hasbro denies the allegations set forth in paragraph 98 of defendant's Counterclaims.

54. Hasbro denies the allegations set forth in paragraph 99 of defendant's Counterclaims.

55. Hasbro denies the allegations set forth in paragraph 100 of defendant's Counterclaims.

56. Hasbro denies the allegations set forth in paragraph 101 of defendant's Counterclaims.

57. Hasbro denies the allegations set forth in paragraph 102 of defendant's Counterclaims.

**Count IV**

58. Paragraphs 1-35, which are incorporated by reference by defendant in paragraph 103

of its Counterclaims, are responses to paragraphs 1-35 of Hasbro's complaint. Hasbro therefore incorporates by reference the allegations of paragraphs 1-35 of Hasbro's complaint in response to defendant. Paragraphs 36-45, which are incorporated by defendant in paragraph 103 of its Counterclaims are affirmative defenses and are denied by Hasbro. Hasbro incorporates its responses to paragraphs 46-102 of defendant's Counterclaims as presented in paragraphs 1-57 above.

59. Hasbro denies the allegations set forth in paragraph 104 of defendant's Counterclaims.

**FIRST DEFENSE**

60. Enforcement of Hasbro's U.S. Patent No. 6,729,932 is immune from antitrust claims under the *Noerr-Pennington* Doctrine.

Dated: June 6, 2005

Respectfully submitted,
Hasbro, Inc.
By its attorneys,

John A. Tarantino, Esq. # 2586
Todd D. White, Esq. # 5943
Linda A. Mayer, Esq. # 6482
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200/Fax: (401) 351-4607

David K.S. Cornwell (*pro hac vice*)
Albert L. Ferro (*pro hac vice*)
STERNE KESSLER GOLDSTEIN & FOX, P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005
Tel: (202) 371-2600/Fax: (202) 371-2540

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of June, 2005, I caused a true copy of the within Reply to Amended Counterclaims to be sent via regular mail and electronic mail to the following counsel of record:

James T. Murphy, Esq.
Megan J. Gougen, Esq.
HANSON CURRAN LLP
146 Westminster Street
Providence, RI 02903

Ralph W. Selitto, Jr., Esq.
Robert W. Smith, Esq.
McCARTER & ENGLISH, LLP
100 Mulberry Street
Four Gateway Center
Newark, NJ 07102-4056

*335153_1.doc*