UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HASBRO, INC., a Rhode Island corporation, Plaintiff, | ) |
| v. | ) Civil Action No. CA 04-448 S |
| ROSE ART INDUSTRIES, INC., a New Jersey corporation, Defendant. | ) |

**JOINT MOTION TO CONTINUE STAY OF PROCEEDINGS**

Plaintiff Hasbro, Inc. ("Hasbro") and Defendant Rose Art Industries, Inc. ("Rose Art") respectfully and jointly move this Court to continue the stay of proceedings in this case pending the U.S. Patent and Trademark Office's decisions regarding the prosecution of the reissue application and the inter partes reexamination proceeding filed in connection with Hasbro's patent at issue in this litigation. Pursuant to an Order by Judge Smith dated June 17, 2005, this case was stayed for a period of one year. The grounds for this motion are set forth in the Memorandum of Law filed simultaneously herewith.

Dated: June 21st, 2006

Respectfully submitted,

Attorneys for Plaintiff,

Hasbro, Inc.

John A. Tarantino, Esq. #2586
Todd D. White, Esq. #5943
Katy A. Hynes, Esq. #6659
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 751-0604/351-4607

David K. S. Cornwell, Esq.
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Avenue, NW
Washington, DC 20005
Tel: (202) 371-2600
Fax: (202) 371-2540

Attorneys for Defendant,

Rose Art Industries, Inc.

James T. Murphy, Esq.
Megan J. Goguen, Esq.
HANSON CURRAN, LLP
146 Westminster Street
The Francis Building
Providence, RI 02902-2218
Tel: (401) 421-2154
Fax: (401) 521-7040

Robert W. Smith, Esq. (*pro hac vice*)
Ralph W. Selitto, Jr., Esq. (*pro hac vice*)
McCARTER & ENGLISH, LLP
100 Mulberry Street
Four Gateway Center
Newark, NJ 07102-4056
Tel: (973) 622-4444
Fax: (973) 624-7070

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of June, 2006, I caused a true copy of the Joint Motion to Continue Stay of Proceedings to be sent via regular mail and electronic mail to the following counsel of record:

James T. Murphy, Esq.
Megan J. Goguen, Esq.
HANSON CURRAN, LLP
146 Westminster Street, The Francis Bldg.
Providence, RI 02903-2218

Robert W. Smith, Esq. (*pro hac vice*)
Ralph W. Selitto, Jr., Esq. (*pro hac vice*)
McCARTER & ENGLISH, LLP
100 Mulberry Street
Four Gateway Center
Newark, NJ 07102-4056

Shelley L. Zimmerman

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HASBRO, INC.,<br>a Rhode Island corporation,<br><br>Plaintiff,<br>v.<br><br>ROSE ART INDUSTRIES, INC.,<br>a New Jersey corporation,<br><br>Defendant. | ) | Civil Action No. CA 04-448 S |

**JOINT MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO CONTINUE STAY OF PROCEEDINGS**

ATTORNEYS FOR HASBRO, INC.

John A. Tarantino, Esq. #2586
Todd D. White, Esq. #5943
Katy A. Hynes, Esq. #6659
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607

David K.S. Cornwell (*pro hac vice*)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Avenue, N.W.
Washington, DC 20005
Tel: (202) 371-2600
Fax: (202) 371-2540

ATTORNEYS FOR ROSE ART INDUSTRIES, INC.

James T. Murphy, Esq.
Megan J. Gouguen, Esq.
HANSON CURRAN, LLP
146 Westminster Street, The Francis Bldg.
Providence, RI 02903-2218
Tel: (401) 421-2154
Fax: (401) 521-7040

Robert W. Smith, Esq. (*pro hac vice)*
Ralph W. Selitto, Jr., Esq. (*pro hac vice)*
McCARTER & ENGLISH, LLP
100 Mulberry Street
Four Gateway Center
Newark, NJ 07102-4056
Tel: (973) 622-4444
Fax: (973) 624-7070

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ iii

I. INTRODUCTION ........ 1

II. THE LEGAL STANDARDS GOVERNING THIS MOTION ........ 1

III. ARGUMENT ........ 3

A. This Case is in the Early Stages of Discovery ........ 3
B. A Stay Will Conserve Judicial Resources ........ 3
C. A Stay Will Reduce the Issues at Trial and Likely Lead to Settlement or Dismissal ........ 5

IV. CONCLUSION ........ 5

# TABLE OF AUTHORITIES

## CASES

Fisher Controls Co., Inc. v. Control Components, Inc., 443 F. Supp. 581 (S.D. Ill. 1977) .......... 2

Gen. Tire & Rubber Co. v. Watson-Bowman Associates, Inc., 193 U.S.P.Q. (BNA) 479, 1977 U.S. Dist. LEXIS 16697 (D. Del. 1977) .......... 2

Medichem, S.A. v. Rolabo, S.L., 353 F.3d 928 (Fed. Cir. 2003) .......... 1

PIC, Inc. v. Prescon Corp., 77 F.R.D. 678 (D. Del. 1977) .......... 2, 4

Raytek, Inc. v. Solfan Sys., Inc., 211 USPQ 405 (N.D. Cal. 1981) .......... 4

United Merchants and Mfrs., Inc. v. Henderson, 495 F. Supp. 444 (N.D. Ga. 1980) .......... 3

## STATUTES

35 U.S.C. § 252 (2005) .......... 5

## *I. INTRODUCTION*

Plaintiff Hasbro, Inc. ("Hasbro") and Defendant Rose Art Industries, Inc. ("Rose Art") jointly file this Memorandum of Law in support of their Joint Motion to Continue Stay of Proceedings. Pursuant to an Order by Judge Smith dated June 17, 2005, this case was stayed for a period of one year. At that time, the parties separately sought to stay proceedings in this case pending the U.S. Patent and Trademark Office's ("PTO") decisions regarding the prosecution of the reissue application and the inter partes reexamination proceeding filed in connection with Hasbro's patent at issue in this litigation, i.e., U.S. Patent No. 6,729,932 (the "'932 Patent").

With respect to the reexamination proceeding, Hasbro filed a Notice of Appeal of the PTO's decision on March 17, 2006, while Rose Art filed a Notice of Appeal on March 15, 2006. Hasbro and Rose Art filed their respective appeal briefs on May 17, 2006. Each party had until June 16, 2006 to file a responsive brief. Prosecution of Hasbro's reissue application remains suspended pending the completion of the reexamination proceeding. With its particular expertise, the PTO will consider the relevant prior art, and the record of the reissue application and the reexamination proceeding may be entered at trial to reduce the complexity and length of litigation in the case at bar. Discovery in the present action is still in its infancy. Thus, judicial resources would be better served in this dispute by continuing the stay of proceedings pending the outcome of the PTO proceedings.

## *II. THE LEGAL STANDARDS GOVERNING THIS MOTION*

A stay of proceedings in the district court pending the outcome of parallel proceedings in the PTO is an option within the district court's discretion. Medichem, S.A. v. Rolabo, S.L., 353 F.3d 928, 936 (Fed. Cir. 2003). As one court has noted, there are many advantages to a stay of proceedings pending a reissue application or reexamination:

> 1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.
>
> 2. Many discovery problems relating to prior art can be alleviated by the PTO examination.
>
> 3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.
>
> 4. The outcome of the reexamination may encourage a settlement without the further use of the Court.
>
> 5. The record of the reexamination would likely be entered at trial thereby reducing the complexity and length of the litigation.
>
> 6. Issues, defenses, and evidence will be more easily limited in pre-trial conferences after a reexamination.
>
> 7. The cost will likely be reduced both for the parties and the Court.

Fisher Controls Co., Inc. v. Control Components, Inc., 443 F. Supp. 581, 582 (S.D. Ill. 1977); see also PIC, Inc. v. Prescon Corp., 77 F.R.D. 678, 681 (D. Del. 1977) ("If the PTO refuses to reissue the patent on the ground that it is invalid, both parties as well as the Court will realize significant savings. If the PTO concludes that the patent is still valid, all concerned will gain the benefit of the expertise the PTO will bring to bear on its analysis."); Gen. Tire & Rubber Co. v. Watson-Bowman Associates, Inc., 193 U.S.P.Q. (BNA) 479, 1977 U.S. Dist. LEXIS 16697, *7 (D. Del. 1977) ("[T]o the extent that a reissue is granted which narrows or eliminates some of the claims of the original patent, the Court's task with respect to making a finding on infringement would be made easier.").

In deciding whether to exercise its discretion to grant a stay, a court should balance the equities presented by the particular set of facts. Gen. Tire & Rubber Co., 1977 U.S. Dist. LEXIS at *4. A significant factor to be considered is the stage in the litigation at which the stay is requested. See id. at *10. ("If the new reissue procedure had been available at an earlier stage of

this case, the Court would be far more inclined to stay the proceedings to realize the benefits of the PTO's input."); Fisher Controls Co., Inc., 443 F. Supp. at 583 (granting stay since parties had indicated that a considerable amount of discovery remained); PIC, Inc., 77 F.R.D. at 681-82 (staying proceedings because case was recently filed and significant resources had not yet been incurred in discovery and trial preparation); United Merchants and Mfrs., Inc. v. Henderson, 495 F. Supp. 444, 447 (N.D. Ga. 1980) ("Grant of a stay is particularly appropriate in this case, as the lawsuit is in its earliest stages.").

## *III. ARGUMENT*

In this case, the grant of an additional stay is particularly appropriate. This case is in the early stages of discovery, and a stay will conserve judicial resources, reduce the issues for trial, and may lead to settlement or dismissal of the lawsuit.

### *A. This Case is in the Early Stages of Discovery*

The equities balance in favor of continuing to stay the proceeding pending the outcome of the PTO proceedings since virtually no significant discovery has taken place. As noted by Rose Art in its Memorandum in Support of its Motion for Leave to Amend, no depositions have been taken by either party. Each party has only served one set of document requests and interrogatories, and only non-confidential documents and non-confidential responses to interrogatories have been exchanged. Further, no trial date has been set. Since the litigation is in its early stages of discovery, little or no hardship will be caused to the parties as a result of staying the proceedings.

### *B. A Stay Will Conserve Judicial Resources*

A continued stay of the proceedings would particularly benefit this case. The parties and court will save tremendous time, money and energy engaging in discovery and trial preparation

if the PTO refuses to reissue or to reconfirm the patent on the ground that its invalid. PIC, Inc. v. Prescon Corp., 77 F.R.D. at 681. As noted above, if a grant of a reissue patent narrows or eliminates some of the claims of the original patent, the Court's task is made easier with respect to ruling on infringement. Gen. Tire & Rubber Co., 1977 U.S. Dist. LEXIS at *7. Furthermore, if the reissued or reconfirmed claims may still be fairly asserted, all concerned will gain the benefit of the expertise the PTO will bring to bear on its analysis, and the Court should therefore await the PTO's review. See Raytek, Inc. v. Solfan Sys., Inc., 211 USPQ 405, 408 (N.D. Cal. 1981) ("considering the level of expertise of the patent examiners as compared to either the Court or the jury and the presumption of validity of patents they issue, a decision by the Court or the jury should await their final determination").

Similarly, potential prior art references that have been raised by Defendant to support its argument of invalidity of the patent-in-suit will be reviewed by the PTO, whose expertise would be particularly helpful in this case. It would be needlessly duplicative for both the PTO and this Court to simultaneously review the validity of the same claims in view of the same prior art.

### *C. A Stay Will Reduce the Issues at Trial and Likely Lead to Settlement or Dismissal*

Regardless of the outcome of the PTO proceedings, they will reduce the issues at trial or perhaps even eliminate the need for a trial. One of three outcomes is likely as a result of the PTO proceedings: 1) the asserted patent claims will remain unchanged; 2) the asserted patent claims may be materially amended; or 3) the asserted patent claims may be determined to be unpatentable by the PTO. Each of these results will have an impact on the validity of the patent; and, therefore, will reduce the issues at trial.

## *IV. CONCLUSION*

The balance of equities weighs decidedly in favor of continuing the stay of proceedings pending the outcome of the reissue application and the reexamination proceeding for the patent-in-suit. Since this case is in its early stages, neither party will suffer harm. A continued stay of proceedings will be of significant benefit to the litigation. The PTO proceedings will subject to examination every claim that is at issue in this case, and prior art that may be used at trial will also be considered by the PTO in connection with the reexamination proceeding and the reissue application. Therefore, regardless of the outcome, the PTO proceedings will significantly reduce the issues and complexity of a trial, and perhaps lead to the resolution of this litigation without the need for trial. Accordingly, this Court should grant the parties' Joint Motion and continue the stay of this action pending the outcome of the PTO proceedings.

Respectfully submitted,

Attorneys for Plaintiff,

Hasbro, Inc.

John A. Tarantino, Esq. #2586
Todd D. White, Esq. #5943
Katy A. Hynes, Esq. #6659
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
(401) 274-7200
Fax: (401) 751-0604/351-4607

David K.S. David K. S. Cornwell, Esq.
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Avenue, NW
Washington, DC 20005
Tel: (202) 371-2600
Fax: (202) 371-2540

Attorneys for Defendant,

Rose Art Industries, Inc.

James T. Murphy, Esq.
Megan J. Goguen, Esq.
HANSON CURRAN, LLP
146 Westminster Street
The Francis Building
Providence, RI 02902-2218
Tel: (401) 421-2154
Fax: (401) 521-7040

Robert W. Smith, Esq. (*pro hac vice*)
Ralph W. Selitto, Jr., Esq. (*pro hac vice*)
McCARTER & ENGLISH, LLP
100 Mulberry Street
Four Gateway Center
Newark, NJ 07102-4056
Tel: (973) 622-4444
Fax: (973) 624-7070

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2006, I caused a true copy of the Joint Memorandum of Law in Support of Joint Motion to Continue Stay of Proceedings to be sent via regular mail and electronic mail to the following counsel of record:

James T. Murphy, Esq.
Megan J. Goguen, Esq.
HANSON CURRAN, LLP
146 Westminster Street, The Francis Bldg.
Providence, Rhode Island 02903-2218

Robert W. Smith, Esq. (*pro hac vice*)
Ralph W. Selitto, Jr., Esq. (*pro hac vice*)
MCCARTER & ENGLISH, LLP
100 Mulberry Street
Four Gateway Center
Newark, New Jersey 07102-4056

Shelley L. Zimmerman